UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYNN T. PASLEY,

    Petitioner,

v.                                CASE NO. 04-CV-71020-DT
                                  HONORABLE JOHN CORBETT O'MEARA

KENNETH ROMANOWSKI,

    Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION
## FOR LEAVE TO PROCEED IN FORMA PAUPERIS
## AND
## GRANTING IN PART PETITIONER'S MOTION
## FOR A CERTIFICATE OF APPEALABILITY

      Petitioner Lynn T. Pasley has appealed the Court's denial of his habeas corpus petition. Currently pending before the Court are Petitioner's motion to proceed *in forma pauperis* on appeal and his motion for a certificate of appealability.  Although Petitioner raised seven claims in his habeas corpus petition, he seeks a certificate of appealability on only his first, second, and seventh claims, which read:

    I.      Since Mr. Pasley's waiver of jury trial was not valid and voluntarily entered nor knowingly and intelligently made, this court must reverse Mr. Pasley's conviction because it was obtained in violation of his federal and state rights to due process and a fair trial.

    II.     Was it constitutional error to allow into evidence Mr. Pitt's impermissibly suggestive and unreliable eye-witness testimony, which violated Petitioner's right to a fair trial?

    VII.   Was Petitioner deprived of his due process rights and effective assistance of counsel when counsel failed to challenge the probable cause of Petitioner's arrest?

The Supreme Court has stated that "a prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "It is consistent with § 2253 that a [certificate of appealability] will issue in some instances where there is no certainty of ultimate relief. After all, when a [certificate of appealability] is sought, the whole premise is that the prisoner 'has already failed in that endeavor.'" *Miller-El*, 537 U.S. at 337 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong ." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court found no merit in Petitioner's first claim because he signed a written waiver stating that he was given an opportunity to consult with counsel and that he was voluntarily waiving his right to a jury trial. He also assured the trial court in person that it was his desire to waive a jury trial, and his attorney affirmed in writing that he had advised Petitioner of his constitutional right to a trial by jury. Petitioner presented no evidence that he was incapable of making a voluntary and intelligent decision. Therefore, reasonable jurists would not conclude that the Court's assessment of Petitioner's first claim was debatable or wrong, and a certificate of appealability will not issue on claim I.

The Court also found no merit in habeas claims II and VII. However, "a claim can be

debatable even though every jurist of reason might agree, after the [certificate of appealability] has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338. Reasonable jurists could debate the Court's assessment of claim II because the pretrial identification procedure used was suggestive, and the complainant's description of the robbers was not specific or detailed. Reasonable jurists could debate the Court's assessment of claim VII because the complainant provided only a brief description of the suspects to the police. The Court therefore will grant a certificate of appealability on claims II and VII.

In summary, Petitioner's motion for a certificate of appealability [Doc. #29, Nov. 10, 2005] is granted in part and denied in part. A certificate of appealability may issue on claim II regarding the identification testimony and on claim VII regarding defense counsel's failure to challenge Petitioner's arrest on the ground that the police lacked probable cause. The Court declines to grant a certificate of appealability on claim I. Petitioner's motion for leave to appeal *in forma pauperis* [Doc. #30, Nov. 10, 2005] is GRANTED.


                                  s/John Corbett O'Meara
                                  John Corbett O'Meara
                                  United States District Judge


Dated:  November 23, 2005